IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASHAUN HOGUE, Inmate #R16343, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 04-072-DRH |
| CORRECTIONS OFFICER CUSHMAN, ) | |
| RUSSEL NEIPERT, and ROBERT ) | |
| SAMOLISKI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief

---

[1] On August 5, 2005, the Court received a letter from the Trust Fund Office at Menard Correctional Center stating that Plaintiff was paroled on August 2, 2005, and informing the Court of Plaintiff's new address.

>   may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such
>   relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

Plaintiff states that on December 22, 2003, he was in his cell waiting for the gallery worker to pick up trash when Defendant Cushman "assaulted" him without cause by maliciously slamming the chuck-hole door on his right hand causing extreme pain and swelling. Plaintiff states that Defendants Neipert and Samoliski were deliberately indifferent to his serious medical needs in that they did not allow him to see medical personnel to evaluate the injury to his hand. Plaintiff further states that Defendants Neipert and Samoliski told him that if he sought medical attention for his hand he would be given a "ticket" for attempted assault. Defendants Neipert and Samoliski continued to deny Plaintiff medical treatment for his hand and harassed and threatened him with bodily harm. Plaintiff further states that after the incident, Defendant Cushman, stated "fuck that nigger," referring to Plaintiff.

Based on these allegations, the Court finds that Plaintiff has stated the following claims. First, Defendant Cushman used excessive force against Plaintiff in violation of the Eighth Amendment. Second, Defendants Neipert and Samoliski were deliberately indifferent to Plaintiff's serious medical need of an injured hand, in violation of the Eighth Amendment. Third, Defendants Neipert and Samoliski retaliated against Plaintiff for complaining about his injury by refusing

medical treatment and threatening him with bodily harm. Fourth, Defendant Cushman used racially derogatory language in referring to the Plaintiff, in violation of the Eighth and Fourteenth Amendments.

*Excessive Force*

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Based on Plaintiff's allegations and the standards noted above, this claim cannot be dismissed from the action at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Deliberate Indifference to Serious Medical Needs*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a

broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

> A "serious" medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D.N.H. 1977). *See, e.g., Mahan v. Plymouth County House of Corrections*, 64 F.3d 14, 18 (1st Cir. 1995); *Monmouth County Correction Institution Inmates v. Lanzaro,* 834 F.2d 326, 347 (3rd Cir. 1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195; *Sheldon v. Penzley*, 49 F.3d 1312, 1316 (8th Cir. 1995); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Hill v. DeKalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1186 (8th Cir. 1994). Similarly, the Ninth Circuit regards a medical condition to be "serious" where "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting *Estelle*), and considers the following to be indications that a prisoner has a serious medical need: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id*. at 1059-1060. We find these approaches to defining "seriousness" in the Eighth Amendment medical care context to be both sensible and workable, and shall therefore apply them here.

*Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Id.*

Plaintiff's statement of facts clearly alleges that Defendants Neipert and Samoliski acted with the requisite culpable state of mind to show deliberate indifference. However, Plaintiff has not stated a serious medical need as explained in the standards set forth above. Although Plaintiff states that he experienced pain and swelling in his hand, he has not made further allegations that show either the lack of treatment caused further significant injury, that a reasonable doctor would find important, that his daily activities were significantly affected, or that caused chronic and substantial pain. The Court sympathizes with Plaintiff's lack of treatment, but Plaintiff has simply not made allegations that indicate he had a serious medical need. As such, Plaintiff's claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment is **DISMISSED** from the action.

### *Retaliation*

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified

is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Based on the facts stated by Plaintiff and the standards set forth above, this claim may not be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Harassment*

Isolated, infrequent incidents of verbal abuse that do not give rise to an Eighth Amendment claim. *See, e.g*., *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Based on this standard, the Plaintiff has not stated a claim regarding the racially discriminatory language used by Defendant Cushman. As such, this claim is **DISMISSED** from the action.

*Summary and Conclusion*

Plaintiff is allowed to proceed on his claims of excessive force against Defendant Cushman and retaliation against Defendants Neipert and Samoliski. Plaintiff's claims of deliberate indifference to a serious medical need and harassment are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **CORRECTIONS OFFICER CUSHMAN, RUSSEL NEIPERT, and ROBERT SAMOLILSKI.**

The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **CORRECTIONS OFFICER CUSHMAN, RUSSEL NEIPERT, and ROBERT SAMOLILSKI** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  September 22, 2005**

/s/    David RHerndon
**DISTRICT JUDGE**